DAVIS *vs.* JONTI.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

The constitutional right to appeal in all cases over three hundred dollars, must be exercised with such restrictions as the rights of others may render necessary.

The power of the court to assess damages for a frivolous appeal, does not impair or infringe on the constitutional right to appeal.

This is an action on a promissory note executed by the defendant. Suit was first instituted in the parish court for the parish of Jefferson. There was no serious defence, and the plaintiff had judgment; from which an appeal was taken to the First District Court, where judgment was affirmed; and the defendant has exercised his constitutional right by appealing to this court.

*McKinney*, for the plaintiff prayed for the affirmance of the judgment with damages and costs, as for a frivolous appeal.

*Wills*, for the appellant, contended, that the Supreme Court had no power to condemn a party in damages for exercising the constitutional right of appeal. This is an absolute right, given by the constitution in all sums exceeding three hundred dollars. *Constitution of Louisiana, article 4, section 2.*

2. Laws which infringe on or control constitutional provisions are null and void. The clause in article 907 of the Code of Practice, which empowers this court to give damages in an appeal supposed to be frivolous, is contrary to the constitution, and is, consequently, null and without effect.

*Rost, J.*, delivered the opinion of the court.

This action is brought upon a promissory note. It was commenced in the Parish Court of the parish of Jefferson.

The plaintiff obtained a judgment, and the defendant appealed to the District Court; and the judgment being there affirmed, the present appeal was taken.

The defendant has no defence, and being unable to evade the payment of damages, which the plaintiff has asked, he throws himself upon his reserved rights, and denies the power of this court to assess damages in cases of frivolous appeals, under that clause of our constitution which allows an appeal in all civil cases where the matter in dispute exceeds three hundred dollars. He thinks that the constitution included his case among the rest, and that he cannot be made to pay damages for the legitimate exercise of a constitutional right.

*The constitutional right to appeal in all cases over three hundred dollars, must be exercised with such restrictions as the rights of others may render necessary.*

The defendant has nothing to complain of. The fact of his appeal being now before us, shows that he is in the full enjoyment of the right he claims, but that right must be exercised with such restrictions as the rights of others may render necessary.

The constitutional objection raised against the law which allows damages in cases of frivolous appeals, would apply equally to those which require appeal bonds, and limit the time within which appeals may be prosecuted. The rights which constitutions secure to individuals, are always limited by corresponding duties, and the penalties imposed by the laws for the violation of the duty, are not an infringement of the right.

*The power of the court to assess damages for a frivolous appeal, does not impair, or infringe on the constitutional right to appeal.*

Our constitution states its object to be to secure to all the citizens of the state, the enjoyment of the right of life, liberty and property, and yet citizens are every day imprisoned and fined, and sometimes even deprived of life.

There is nothing in the defendant's objection; but as he may have made it in good faith, we will not assess damages against him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.